CIVIL ACTION NO. 19-CI-01294        BULLITT CIRCUIT COURT
                                    DIVISION I
                                    HONORABLE Rodney Burress

**ROBERT MONTGOMERY JR.**                                    PLAINTIFF

v.

**BEST BUY STORES, L.P.**                                    DEFENDANT

      SERVE:    REGISTERED AGENT
                       C T Corporation System
                       306 W. Main Street, Suite 512
                       Frankfort, KY 40601

## COMPLAINT

Plaintiff, Robert Montgomery Jr. (hereinafter "Montgomery" or "Plaintiff") files his Complaint against the Defendant, Best Buy Stores, L.P. (hereinafter "Best Buy" or "Defendant"), and in support hereof states as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Montgomery is a Louisville, Jefferson County, Kentucky resident.

2. Defendant, Best Buy Stores, L.P., is a foreign limited partnership doing business in Brooks, Bullitt County, Kentucky.

3. The events underlying the claims set forth herein took place in Brooks, Bullitt County, Kentucky.

4. Venue and jurisdiction are proper in this Court.

5. The amount in controversy, including costs and fees, is greater than the minimum jurisdictional amount of this court.

EXHIBIT A

## II.   FACTS

6.   Montgomery, age fifty-four (54), is a former employee of Best Buy.

7.   At the time of his unlawful termination, Montgomery was employed by Best Buy as the Second Shift Supervisor of Data Recovery.

8.   Montgomery began his employment with Best Buy on or around August 5, 2005.

9.   Best Buy is an employer as defined under the Kentucky Civil Rights Act ("KRS 344 *et. seq.*").

10.   KRS 344 prohibits discrimination on the basis of an employee's age and/or disability or perceived disability.

11.   Best Buy is an "employer" within the meaning of the Family Medical Leave Act ("FMLA"), pursuant to 29 USC §2601 et. seq., at all times relevant to this Complaint.

12.   Montgomery was an "eligible employee" within the meaning of the FMLA, at all times relevant to this Complaint.

13.   Montgomery was promoted to his Supervisor role at Best Buy on or around February 12, 2017.

14.   During his fourteen (14) years of employment at Best Buy, Montgomery received exceptional reviews on his yearly evaluations. Further, Montgomery was a three (3) time winner of Best Buy's Employee of the Month, and a one (1) time winner of Best Buy's Mayor's Award.

15.   In approximately 2011, Montgomery was diagnosed with deteriorating disc disease in his back, arthritis, and curvature of the spine in his lower back.

16.   Montgomery notified and informed Best Buy of his serious health conditions and began to exercise his rights under the FMLA by taking intermittent medical leave when he had flare-ups of his back conditions.

17. During his employment, specifically after being promoted to a Supervisor at Best Buy, Montgomery was frequently subjected to discriminatory comments regarding his age from many of the Best Buy Team Members that he supervised.

18. During the last year of his employment, Montgomery was consistently subjected to the following discriminatory comments regarding his age, including, but not limited to the following: "you're an old man and you need to accept it;" "you're just old;" "you're forgetful;" "you're just old and set in your ways;" and "old man, you need to get a life outside of work so you can stay young."

19. Montgomery made complaints to Best Buy's Assistant Manager, Eric Reitz (hereinafter "Reitz") regarding the discriminatory comments that Montgomery was consistently subjected to by Best Buy Team Members, all of whom were in their twenties (20s). Specifically, while making his complaints to Reitz, Montgomery also requested a reassignment to a different team.

20. Montgomery also made complaints to Best Buy's General Manager, Katie Hall (hereinafter "Hall") and Best Buy's Assistant Manager, Julie Blandford (hereinafter "Blandford") regarding the discriminatory comments Montgomery was routinely and consistently subjected to.

21. Upon information and belief, Best Buy did not conduct any investigation into Montgomery's numerous complaints regarding age discrimination nor were any of the Best Buy's Team Members who made the discriminatory comments disciplined in any manner.

22. Best Buy refused to reassign Montgomery to a different team following his multiple requests for a reassignment due to the discriminatory comments Montgomery was constantly being subjected to by his team.

23. In October and November 2019, Montgomery was required to take multiple intermittent FMLA days due to his worsening back condition.

24. Upon his return from using intermittent FMLA days, Best Buy's Team Members made discriminatory comments and jokes about Montgomery's back disabilities.

25. On November 15, 2019, Montgomery's physician submitted to Best Buy Montgomery's renewed intermittent FMLA paperwork for his back conditions.

26. On approximately November 26, 2019, following another complaint by Montgomery to Reitz about the discriminatory comments regarding Montgomery's age and disability that he was still being subjected to by Best Buy's Team Members, Reitz responded, stating "you've been missing a lot. The team is complaining and not happy that you've been taking time off."

27. During the same meeting with Reitz, Montgomery again requested to be reassigned to a different team and reminded Reitz that the reason he had been missing work was for protected leave under the FMLA.

28. On or around December 4, 2019, Best Buy informed Montgomery that he was under investigation for alleged comments he made to Team Members that he supervised, including the same Team Members who had been making discriminatory and retaliatory comments to him for the past year regarding his age, disability, and use of medical leave under the FMLA.

29. On December 10, 2019, Best Buy terminated Montgomery's employment, effective immediately.

30. Best Buy terminated Montgomery less than one (1) month after Montgomery renewed his intermittent FMLA paperwork.

31. Best Buy terminated Montgomery less than one (1) month after exercising his right to medical leave in taking intermittent FMLA days due to his back conditions.

32. Best Buy terminated Montgomery only two (2) weeks after Montgomery made his most recent complaint of age and disability discrimination, as well as FMLA retaliation to Reitz.

33. Best Buy failed to accommodate Montgomery's disabilities and terminated Montgomery because of his disabilities and because of his age.

34. Best Buy was aware of Montgomery's disabilities prior to discharging him.

35. Best Buy perceived and regarded Montgomery as having a disability prior to discharging him.

36. Following his termination, Best Buy replaced Montgomery's job position with an non-disabled individual who is significantly younger than Montgomery.

37. Best Buy terminated Montgomery in retaliation for Montgomery exercising his rights to intermittent medical leave under the FMLA.

38. Best Buy terminated Montgomery in retaliation for making legally protected complaints.

### III.   CLAIMS AND CAUSES OF ACTION

#### A.   KRS 344 DISCRIMINATION ON THE BASIS OF AGE

39. Montgomery re-alleges all allegations contained in paragraphs 1 through 38 above as if fully set forth herein.

40. Best Buy terminated Montgomery's employment on the basis his age, in violation of KRS 344.

41. As a result of Best Buy's violation of KRS 344, Montgomery has been damaged in an amount in excess of the minimum jurisdictional limits of this court.

#### B.   KRS 344 DISCRIMINATION ON THE BASIS OF A DISABILITY OR PERCEIVED DISABILITY

42. Montgomery re-alleges all allegations contained in paragraphs 1 through 41 above as if fully set forth herein.

43. Best Buy constructively discharged Montgomery's employment on the basis of a disability and/or a "perceived" disability and/or a "regarded as" disability, in violation of KRS 344.

44. As a result of Best Buy's violation of KRS 344, Montgomery has been damaged in an amount in excess of the minimum jurisdictional limits of this court.

### C. KRS 344 FAILURE TO ACCOMMODATE

45. Montgomery re-alleges all allegations contained in paragraphs 1 through 44 above as if fully set forth herein.

46. Montgomery was a qualified individual with a disability under KRS 344.

47. Best Buy failed to reasonably accommodate Montgomery's disability in violation of KRS 344.

48. As a result of Best Buy's violation of KRS 344, Montgomery has been damaged in an amount in excess of the minimum jurisdictional limits of this court.

### D. KRS 344 RETALIATION

49. Montgomery re-alleges all allegations contained in paragraphs 1 through 48 above as if fully set forth herein.

50. Best Buy's actions, as set forth above, constitute retaliation and unlawful discharge in violation of KRS 344.

51. As a result of Best Buy's violation of KRS 344, Montgomery has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

### E. VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT (RETALIATION)

52. Montgomery re-alleges all allegations contained in paragraphs 1 through 51 above as if fully set forth herein.

53. Montgomery was an eligible employee under the FMLA.

54. Best Buy retaliated against Montgomery by terminating Montgomery for taking FMLA-qualifying absences and for renewing his FMLA paperwork.

55. Best Buy's actions, as set forth above, constitute retaliation in violation of the FMLA.

56. As a result of Best Buy's violations of the FMLA, Montgomery has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

### F. MANDATORY RECOVERY OF ATTORNEY'S FEES AND COSTS

57. Montgomery re-alleges all allegations contained in paragraphs 1 through 56 above as if fully set forth herein.

58. Montgomery is mandatorily entitled to recover his attorney's fees and costs pursuant to the provisions of KRS 344 and the FMLA.

### IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Robert Montgomery Jr., respectfully prays that he be awarded the following relief and all other relief to which he may be entitled against the Defendant, Best Buy Stores, L.P.:

A. Trial by jury;

B. Judgment against the Defendant on all claims asserted herein;

C. Compensatory damages including but not limited to past and future lost wages and past and future lost benefits;

D. Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

E. All statutory remedies provided by KRS 344 and the FMLA;

F. Liquidated damages pursuant to the FMLA for Defendant's willful violations of the FMLA;

F. Punitive damages to punish and deter similar future unlawful conduct;

G. An award of statutory attorney fees, costs and expenses;

H.     Statutory interest on all monetary damage awards, verdicts, or judgments; and

I.      All other and additional relief to which Montgomery may be entitled.

Respectfully submitted,

THE ZOPPOTH LAW FIRM

*/s/ Bradley S. Zoppoth*

Bradley S. Zoppoth
635 W. Main Street, Suite 400
Louisville, KY 40202
(502) 568-8884
bsz@zoplaw.com
*Counsel for the Plaintiff, Robert Montgomery Jr.*